UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

APR 1 0 2013

Clerk, U.S. District and
Bankruptcy Courts

Daniel Pailes,                          )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )    Civil Action No.
                                        )
                                        )            13-478
                                        )
The United States Peace Corps,          )
                                        )
            Defendant.                  )


## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's submission accompanied

by an application to proceed *in forma pauperis*. Plaintiff is a resident of Salisbury,

Massachusetts, suing the United States Peace Corps. He has submitted a document captioned

"New Facts, Evidence and Circumstances in Mali West Africa to pre-empt a new trial and

hearing for Daniel Pailes former Peace Corps Volunteer," which should have been considered for

filing in plaintiff's dismissed case, *Pailes v. United States Peace Corps.*, Civ. Action No. 08-

2214. Since plaintiff is seeking to proceed *in forma pauperis* and the earlier action has been

closed since 2010, the Court will construe plaintiff's submission as a new complaint and will

dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) as foreclosed by the earlier action.

Under the principle of *res judicata*, a final judgment on the merits in one action "bars any

further claim based on the same 'nucleus of facts' . . . ." *Page v. United States*, 729 F.2d 818,

820 (D.C. Cir. 1984) (quoting *Expert Elec., Inc. v. Levine*, 554 F.2d 1227, 1234 (D.C. Cir.

1977)). *Res judicata* bars the relitigation "of issues that were or *could have been raised* in [the

prior] action." *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (emphasis in original) (citing

1

*Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"); *accord Crowder v. Bierman, Geesing, and Ward LLC*, 713 F. Supp. 2d 6, 10 (D.D.C. 2010). Although *res judicata* is an affirmative defense that typically must be pled, courts "may raise the res judicata preclusion defense *sua sponte*," *Rosendahl v. Nixon*, 360 Fed. Appx. 167, 168 (D.C. Cir. 2010) (citing *Arizona v. California*, 530 U.S. 392, 412-13 (2000); *Brown v. D.C.*, 514 F.3d 1279, 1285-86 (D.C. Cir. 2008)), and a "district court may apply res judicata upon taking judicial notice of [a] [party's] previous case." *Tinsley v. Equifax Credit Info. Serv's, Inc.*, No. 99-7031, 1999 WL 506720 (D.C. Cir. June 2, 1999) (per curiam) (citing *Gullo v. Veterans Cooperative Housing Ass'n*, 269 F.2d 517 (D.C. Cir. 1959) (per curiam)).

*Res judicata* "applies to dismissal[s] for lack of jurisdiction as well as for other grounds . . . .," *Dozier v. Ford Motor Co.*, 702 F. 2d 1189, 1191 (D.C. Cir. 1983), including untimeliness. *See Brown v. District of Columbia*, 514 F.3d 1279, 1286 (D.C. Cir. 2008) (reaching "res judicata defense for the first time on appeal" and holding "that it bars [] claims" previously dismissed as time-barred). Plaintiff's earlier action based on the same nucleus of facts underlying this action was dismissed as time-barred. *Pailes v. U.S. Peace Corps*, 783 F. Supp. 2d 1 (D.D.C. 2009), *aff'd*, No. 09-5400, 2010 WL 2160012 (D.C. Cir. May 27, 2010). Hence, *res judicata* bars this action. A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: April ___3___, 2013